# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| ROBERT WADE DEAN,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE MICHELS and KATIE DONATH,<br><br>Defendants. | CV-17-00064-BU-BMM-JCL<br><br><br><br>O<small>RDER</small> |

Plaintiff Robert Dean filed a Complaint alleging that Defendants violated his federal constitutional right to privacy by disclosing certain medical records to other individuals and entities within the Department of Corrections without his authorization. The Court screened this Complaint and found that it did not state a claim upon which relief may be granted. The Court afforded Dean an opportunity

1

to file an amended Complaint by October 20, 2017. Dean did not file an amended Complaint.

The Court entered Findings and Recommendations on this matter on November 9, 2017. Dean moved for an extension of time to prosecute this case on November 20, 2017. The Court withdrew its Findings and Recommendations and allowed Dean until January 19, 2018, to file his amended Complaint. Dean has not filed an amended Complaint.

United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations in this matter on February 9, 2018. (Doc. 17.) Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Ninth Circuit has determined that prisoners do not possess a constitutionally protected expectation of privacy in prison medical records when the state possesses a "legitimate penological interest in access to them." *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010). Practical management of rehabilitative programs may require access to the medical records to determine if

the prisoner possesses the ability to comply with the rehabilitative program. *Id.* at 535.

Judge Lynch determined that Dean advanced cursory allegations that Defendants violated his right to privacy in his medical records. (Doc. 6 at 4.) Judge Lynch determined that the dissemination of Dean's medical records occurred in relation to his request for admittance to a DOC program of rehabilitation. *Id.* Judge Lynch further determined that Dean's Complaint does not sufficiently allege that the disclosure of his medical records bore no connection to a legitimate penological objective of the DOC during his incarceration. *Id.* at 5.

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 17), are ADOPTED IN FULL.

**IT IS ORDERED** that matter is DISMISSED for failure to state a federal claim.

**IT IS ORDERED** that the Clerk of Court shall close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the Clerk of Court shall have the docket reflect that pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes clear that the Complaint is frivolous as it lacks arguable substance in law or fact.

**IT IS FURTHER ORDERED** that the Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Dean failed to state a claim upon which relief may be granted.

DATED this 28th day of February, 2018.

_____
Brian Morris
United States District Court Judge